# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREW E. ROTH,

          Plaintiff,

        -v-

KAUFMAN KAPITAL LLC and DANIEL
LOUIS KAUFMAN,

          Defendants,

and

BRANCHOUT FOOD INC.,

          Nominal Defendant.

26 Civ. 4944

(***Jury Trial Demanded***)

**COMPLAINT**

Plaintiff Andrew E. Roth ("Roth"), by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 2, as follows:

## Nature of the Action

1. This is an action to obtain disgorgement of "short-swing" profits obtained by Defendants from purchases and sales of Common Stock, $0.001 par value per share ("Common Stock") and derivative securities related to the Common Stock of Nominal Defendant BranchOut Food Inc. ("BranchOut" or the "Company") in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b) ("§16(b) or Section 16(b)"). On behalf of the Company, Roth seeks disgorgement of short-swing profits realized by the Defendants of at least $4,446,888.99.

## The Parties

2.      Plaintiff Roth is a New York resident who is an owner of BranchOut Common Stock.

3.      Defendant Kaufman Kapital LLC ("Kaufman Kapital") is a Delaware limited liability company with its principal place of business at 2158 Calle Park Boulevard, San Juan, Puerto Rico 00913.  Kaufman Kapital is a family office that invests in publicly traded small cap and microcap equities in U.S. and International markets.

4.      Defendant Daniel Louis Kaufman ("Kaufman") is an individual with a business address at 1178 Broadway, 3rd Floor #1129, New York, New York 10001.  Kaufman is the sole member and manager of Kaufman Kapital.

5.      Nominal Defendant BranchOut is a Nevada corporation with offices at 205 SE Davis Avenue, Suite C, Bend, Oregon 97702, which trades on the Nasdaq Capital Market under the symbol "BOF".

## Jurisdiction and Venue

6.      This action is brought derivatively on behalf of BranchOut pursuant to Section 16(b). Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78aa in that Defendants transact business in this District, and certain of the acts underlying this action occurred in this District.

## Governing Law

7.      Section 16(a) of the Exchange Act defines a "statutory insider" as [e]very person who is directly or indirectly the beneficial owner of more than 10 percent of any class of any equity security . . . which is registered pursuant to section 12, or who is a director or an officer of the issuer of such security." 15 U.S.C. §78p(a)(1).

2

8.    Section 16(b) provides for disgorgement of "any profit realized" by any statutory insider whenever there is "(1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period." *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998).  Suit to recover any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

### Section 16(b) Group Activity

9.    Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability.  Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation.  If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a six-month period.

10.    Defendants Kaufman Kapital and Kaufman constitute a group (collectively, the "Kaufman Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act.  At all relevant times, the Kaufman Group was a greater than 10% beneficial owner of the Company's Common Stock and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth.  As all purchases and sales by Kaufman Kapital were directed by Kaufman, a group was formed and operative within the

meaning of §13(d)(3) of the Exchange Act.  Other indicia of group membership include the fact that various SEC filings were made collectively on behalf of the Kaufman Group.

### Defendants' Status as Statutory Insiders

11.    At all relevant times, Kaufman Kapital was a greater than 10% beneficial owner of BranchOut Common Stock, including by virtue of holding derivative securities relating to BranchOut Common Stock, and therefore was a statutory insider for purposes of §§16(a) and (b) of the Exchange Act.

12.    At all relevant times, Kaufman was the sole member and manager of Kaufman Kapital and was the indirect beneficial owner of the BranchOut Common Stock beneficially owned by Kaufman Kapital and therefore a statutory insider for purposes of §§16(a) and (b) of the Exchange Act.  Kaufman had a one hundred percent pecuniary interest in Kaufman Kapital's transactions in BranchOut Common Stock and derivative securities relating to BranchOut Common Stock.

13.    Defendants garnered short-swing profits in the transactions hereinafter set forth that are disgorgeable to BranchOut.

### Defendants' Short-Swing Transactions

14.    In an Amendment No. 2 to Schedule 13D filing dated April 6, 2026 ("Amendment No. 2"), the Kaufman Group reported late (by approximately 15 months) that, on **December 9, 2024**, Kaufman Kapital had made an additional loan of $1,400,000 under the 12% Senior Secured Convertible Promissory Note of the Company in the original principal amount of up to $3,400,000 (the "Convertible Note" and, such additional loan, the "$1,400,000 Convertible Note"), which was convertible into shares of the Company's Common Stock at a conversion

price of $0.7582 per share (the "**December 9, 2024 Convertible Note Purchase**").[1] Under SEC Rule 16b-6(c)(1), Kaufman Kapital's purchase price of the $1,400,000 Convertible Note was $1,400,000. The Kaufman Group failed to file the required Form 4 to report the December 9, 2024 Convertible Note Purchase.

15.    The Amendment No. 2 also reported late (by almost one year) that Kaufman Kapital and the Company had entered into a Warrant Exercise and Amendment to Notes and Warrant Agreement on June 1, 2025 **(the "First Amendment")**. Pursuant to the First Amendment, among other things, (i) the maturity date of the Convertible Note (including the $1,400,000 Convertible Note) was extended from December 31, 2025 to December 31, 2026 and (ii) the Company agreed not to prepay more than $2,400,000 of principal outstanding under the Convertible Note prior to September 30, 2026 and not to make any prepayment under the Convertible Note while amounts remained outstanding under any non-convertible notes of the Company (excluding notes issued pursuant to equipment financing).

16.    The First Amendment was a material amendment of the $1,400,000 Convertible Note and therefore constituted a cancellation and re-issuance of the $1,400,000 Convertible Note, with the cancellation representing a matchable deemed sale of the $1,400,000 Convertible Note (the "**June 1, 2025 Convertible Note Sale**"). The Kaufman Group failed to file the required Form 4 to report the June 1, 2025 Convertible Note Sale. Under SEC Rule 16b-6(c)(1), Kaufman Kapital's sale price of the $1,400,000 Convertible Note is measured by the market

---

[1] All Schedule 13D filings cited in this Complaint were filed with the Securities and Exchange Commission ("SEC") and are publicly available on the SEC's Electronic Data Gathering, Analysis, and Retrieval (EDGAR) system at https://www.sec.gov/search-filings. See also, *Vekaria v. Mthree Corp. Consulting, Ltd.*, No. 22 Civ. 3197 (JPC)(JLC), 2023 WL 6387275, at *1, note 1 (S.D.N.Y. Sept. 30, 2023), citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).

price of the 1,951,500.13 shares of Common Stock issuable upon conversion of the $1,400,000

Convertible Note (inclusive of $79,627.40 of accrued and unpaid interest).  Based on the closing

price of the Common Stock on June 1, 2025 of $2.04 per share, the sale price of the $1,400,000

Convertible Note was $3,981,060.27. Matching the **June 1, 2025 Convertible Note Sale** with

the **December 9, 2024 Convertible Note Purchase** results in disgorgeable short-swing profits of

$2,581,060.27.

17.     In an Amendment No. 3 to Schedule 13D filing dated May 7, 2026 ("Amendment

No. 3"), the Kaufman Group reported that, on May 7, 2026, Kaufman Kapital and the Company

had entered into a Warrant Exercise and Amendment to Note and Warrant Agreement (**the

"Second Amendment"**).  Pursuant to the Second Amendment, among other things, (i) the

maturity date of the Convertible Note was extended from December 31, 2026 to December 31,

2027, (ii) the interest rate on the Convertible Note was reduced from 12% to 8% per annum, (iii)

the Company agreed not to prepay more than $2,400,000 of principal outstanding under the

Convertible Note prior to September 30, 2027 without the consent of the Kaufman Group, and

(iv) the Company agreed to file a registration statement or post-effective amendment covering

the resale of certain warrant shares.

18.     The Second Amendment was a material amendment of the Convertible Note and

therefore constituted a cancellation and re-issuance of the Convertible Note, with the re-issuance

representing the deemed purchase of the amended Convertible Note (the "**May 7, 2026

Convertible Note Purchase**").   The Kaufman Group failed to file the required Form 4 to report

the May 7, 2026 Convertible Note Purchase.  Under SEC Rule 16b-6(c)(1), Kaufman Kapital's

purchase price of the amended Convertible Note is measured by the market price of the

4,692,648 shares of Common Stock issuable upon conversion of the Convertible Note

(comprised of $2,900,000 of principal and $658,100 of accrued and unpaid interest).  Based on the closing price of the Common Stock on May 7, 2026 of $3.49 per share, the purchase price of the amended Convertible Note was $16,377,341.52.

19.    In an Amendment No. 4 to Schedule 13D filing dated May 15, 2026 ("Amendment No. 4"), the Kaufman Group reported that, on May 14, 2026, Kaufman Kapital and the Company had entered into an Amendment No. 3 to Convertible Note (the **"Third Amendment"**).  Pursuant to the Third Amendment, a 9.99% beneficial ownership limitation was added to the Convertible Note as a result of which Kaufman Kapital may not convert any portion of the Convertible Note to the extent that, after giving effect to such conversion, Kaufman Kapital (together with its affiliates) would beneficially own in excess of 9.99% of the outstanding shares of Common Stock, provided that Kaufman Kapital has the right to increase or decrease such 9.99% beneficial ownership limitation upon not less than sixty-one days' prior written notice to the Company.

20.    The Third Amendment was a material amendment of the Convertible Note and therefore constituted a cancellation and re-issuance of the Convertible Note, with the cancellation representing the deemed sale of the amended Convertible Note (the "**May 14, 2026 Convertible Note Sale**").  The Kaufman Group failed to file the required Form 4 to report the May 14, 2026 Convertible Note Sale.  Under SEC Rule 16b-6(c)(1), Kaufman Kapital's sale price of the amended Convertible Note is measured by the market price of the 4,701,848 shares of Common Stock issuable upon conversion of the amended Convertible Note (comprised of $2,900,000 of principal and $665,000 of accrued and unpaid interest).  Based on the closing price of the Common Stock on May 14, 2026 of $3.88 per share, the sale price of the amended Convertible Note was $18,243,170.24.

21.     Matching the May 14, 2026 Convertible Note Purchase and the May 14, 2026 Convertible Note Sale results in disgorgeable short-swing profits of $1,865,828.72.

22.     Accordingly, Defendants realized total short-swing profits in the amount of $4,446,888.99 that are subject to disgorgement to the Company.  The profits were realized by Kaufman Kapital, as the transacting party, and Kaufman has a 100% pecuniary interest in transactions effected by Kaufman Kapital.

23.      At all relevant times, each of Kaufman Kapital and Kaufman was a greater than 10% beneficial owner based on the outstanding shares of the Company's Common Stock, as reported by the Company.

### Allegations as to the Demand

24.     On May 26, 2026, Plaintiff made demand on the Board of Directors of the Company to commence this lawsuit based on the facts alleged above.  Thereafter, on June 5, 2026, the Company's counsel Pachulski Stang Ziehl Jones advised that the Company's Board of Directors had determined that there was no basis to pursue the claims set forth in the demand letter.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### AGAINST KAUFMAN KAPITAL

25.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24, *supra*, as if fully set forth herein.

26.     At all relevant times, Kaufman Kapital was a greater than 10% beneficial owner of BranchOut Common Stock and derivative securities relating to the Common Stock.

27.     As particularized in paragraphs 14 - 24, *supra*, during the period December 9, 2024 to May 14, 2026, Kaufman Kapital engaged in purchase and sale transactions in the

8

Company's Common Stock and related derivative securities resulting in disgorgeable short-swing profits in the amount of at least $4,446,888.99.

28.    Kaufman Kapital is liable to disgorge the entirety of the short-swing profits to the Company.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### AGAINST KAUFMAN

29.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28, *supra*, as if fully set forth herein

30.    Kaufman has a 100% pecuniary interest in the short-swing profits realized by Kaufman Kapital and is liable to disgorge the entirety of such profits to the Company.

WHEREFORE, Plaintiff demands judgment, on behalf of BranchOut Inc., against Defendants, as described above, plus attorneys' fees, pre-judgment interest and such other and further relief as to the Court may deem just and proper.

Dated: June 11, 2026

Yours, etc.

OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.

437 Madison Avenue, 24th Fl.
New York, New York 10022-6886
Tel.: (212) 681-0600
Fax: (212) 681-0300
E-Mail: *gostrager@ocfblaw.com*

By:  */s   Glenn F. Ostrager*
    Glenn F. Ostrager
    Joshua S. Broitman
    Roberto L. Gomez

*Attorneys for Plaintiff*

9