FOLEY

FOLEY & LARDNER LLP

777 E WISCONSIN AVE
MILWAUKEE, WI 53202-5306
414.271.2400 TEL
414.297.4900 FAX
FOLEY.COM

WRITER'S DIRECT LINE
414.297.5554
bhouse@foley.com

CLIENT/MATTER NUMBER
106431-0151

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2026

**MEMORANDUM ENDORSED**

August 10, 2026

Via E-File

Honorable Gregory H. Woods III
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**RE: *Roth v. Kaufman Kapital LLC et al.***
**Case No. 1:26-cv-04944-GHW**

Dear Judge Woods:

We represent Kaufman Kapital LLC and Daniel Louis Kaufman (collectively, "Kaufman Defendants") in the above-referenced case. Pursuant to Rule 1(A) and 2(E) of Your Honor's Individual Rules of Practice in Civil Cases, Kaufman Defendants submit this letter in connection with their intent to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

This is an action brought under Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)"). Plaintiff seeks disgorgement of alleged "short-swing" profits based not on any actual market purchase and sale of BranchOut Food Inc. securities, but on Plaintiff's theory that amendments to a convertible note issued by BranchOut Food Inc. to Kaufman Kapital LLC (the "Convertible Note") should be treated as "deemed" purchases and sales of the note or its underlying common stock. Because Plaintiff's theory fails as a matter of law, this matter is ripe for a motion to dismiss.

In summary, Plaintiff alleges that: (i) a December 9, 2024 additional advance under the Convertible Note was a "purchase"; (ii) a June 1, 2025 amendment to the Convertible Note was a "deemed sale"; (iii) another amendment to the Convertible Note on May 7, 2026 was a "deemed purchase"; and (iv) a May 14, 2026 amendment to the Convertible Note was a "deemed sale," resulting in alleged short-swing profits of approximately $4.45 million. (Compl. ¶¶ 14–22.) Because none of the amendments to the Convertible Note resulted in matchable purchases and sales within six months, as required for a claim under Section 16(b), the Complaint fails to state a viable Section 16(b) claim.

**ARGUMENT**

Kaufman Defendants expect to move to dismiss on at least the following grounds:

First, the amendments to the Convertible Note alleged in the Complaint were not sufficiently material to constitute purchases or sales for purposes of Section 16(b). The Complaint's theory is based on three amendments to the existing Convertible Note. But, as alleged, those amendments did not alter the Convertible Note's fixed conversion price, did not change the underlying security, and did not change the basic holder-option conversion mechanics. Instead, the amendments principally concerned maturity, interest, prepayment, and a beneficial-ownership limitation. The Convertible Note was not sold, transferred, retired, or converted. Under the framework applied by the Second Circuit and courts in this District, not every amendment to a derivative security constitutes a new purchase or sale; only sufficiently material changes may do so. *See Rubenstein v. Knight-Swift Transp. Holdings Inc.*, 664 F. Supp. 3d 523, 544-45 (S.D.N.Y. 2023). Here, because the conversion price remained unchanged throughout and the amendments did not fundamentally alter the economic conversion rights in the manner required to trigger Section 16(b), the alleged amendments are not matchable transactions.

Second, even assuming that one or more amendments were sufficiently material to constitute the issuance or "purchase" of a new security, Plaintiff fails to allege a matchable "sale." Plaintiff's claims depend on treating the June 1, 2025 and May 14, 2026 amendments as "sales," but that proposition lacks support in the case law and should be rejected. Generally, even where Courts find that a sufficiently material amendment may be treated as the acquisition of a new derivative security, they require an actual matching sale within six months rather than matching an amendment to another amendment. *See, e.g., Greenberg v. Hudson Bay Master Fund Ltd.*, No. 14 Civ. 5226 (DLC), 2015 WL 2212215, at *9 (S.D.N.Y. May 12, 2015). At most, Courts find an amendment to a derivative security to be a "sale" only where the amendment resulted in a decrease in exercise or conversion price. *See Rubenstein v. Knight-Swift Transportation Holdings Inc.*, 492 F. Supp. 3d 206, 220 (S.D.N.Y. 2020). Here, the conversion price remained consistent throughout all amendments, and Plaintiff can cite no basis to consider any of the amendments a "sale."

Third, even if an amendment could somehow be characterized as effecting a technical "sale" through cancellation of a prior derivative position, any such disposition would be exempt under SEC Rule 16b-6(d), which provides that "[t]he disposition or closing of a long derivative security position, as a result of cancellation or expiration, shall be exempt from section 16(b) of the Act where no value is received from the cancellation or expiration." 17 C.F.R. § 240.16b-6(d). The Complaint does not allege that Defendants received any value from any supposed cancellation of a prior derivative position. Rather, Plaintiff's theory is entirely theoretical: he imputes a sale price by reference to the market price of the underlying common stock on amendment dates. (Compl. ¶¶ 16, 18, 20.) But Rule 16b-6(d) turns on whether value was received upon cancellation or expiration, and the amendments alleged here did not involve any cash-out, transfer, liquidation, or other receipt of value in exchange for cancelling a position. Accordingly, any purported "sale" is exempt as a matter of law.

FOLEY
FOLEY & LARDNER LLP



Defendants further anticipate that the motion may also address other deficiencies apparent on the face of the Complaint. However, as Defendants will explain in their motion, the three issues above independently warrant dismissal.

We conferred with Plaintiff's counsel regarding this request. Plaintiff does not consent to Defendants' request.

Defendants respectfully request that the Court schedule a pre-motion conference and set a briefing schedule for Defendants' anticipated motion to dismiss.

Sincerely yours,

*/s/ Bryan B. House*

**Bryan B. House**
**FOLEY & LARDNER LLP**
***Counsel for Kaufman Defendants***

Application granted. The Court will hold a pre-motion conference to discuss Defendants' motion to dismiss during the initial pretrial conference scheduled to take place on August 20, 2026 at 2:00 p.m. The Court will address the parties' request to stay discovery during the conference. Given the parties' request to stay this action pending resolution of the anticipated motion, the parties are relieved of their obligation to provide the Court a proposed case management plan in advance of the initial pretrial conference. The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 21 and 22.

SO ORDERED.
Dated: August 11, 2026

GREGORY H. WOODS
United States District Judge